Detention Order Pending Trial

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

                                            Case No: 12-20704

v.

ANTHONY RAY VAQUERA,

    *Defendant.*

_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX     (1)     The Government moved for detention at Defendant's first appearance pursuant to:

        XX     18 U.S.C. § 3142(f)(1).

        __     18 U.S.C. § 3142(f)(2).

__     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__     (1)     Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1),

or comparable state or local offense.

__ (2) The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

 __ the date of conviction, **or**

 __ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.    Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

 __ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

 __ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

 __ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

 __ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

 __ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

 __ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

D.  **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__  (1)  There is a serious risk that Defendant will not appear.

__  (2)  There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

<u>XX</u>  by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__  by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

__  both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention apply, the Court will therefore consider Defendant's circumstances using the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves a domestic assault by a member of the Saginaw Chippewa Native American Tribe who is alleged to be an habitual offender. I find from review of the affidavit supporting the complaint filed against Defendant that there is a definite weight of

evidence supporting the charge made against Defendant.

As to subsection 3142(g)(3), I find that Defendant is a 34-year-old male who, at the time of his arrest, had been residing with his cousin for two weeks. Prior to that time, Defendant was lived with his girlfriend, the alleged victim in this case. For the past fifteen years, Defendant has lived at various addresses in the Mount Pleasant, Michigan, area. He also briefly lived in Florida and Oregon. Defendant is single and has never married. At the time of his arrest, Defendant was employed by the Soaring Eagle Casino as a maintenance worker.

Defendant conceded to Pretrial Services that he drinks alcohol to excess and that he began smoking marijuana at age 15. He tol d Pretrial Services that he stopped and later began smoking marijuana again. A urinalysis sample was positive for marijuana.

In 1995, at age 17, Defendant was at convicted of operating under the influence. In 1996, at age 18, Defendant was convicted of malicious destruction of property and was sentenced to five days in jail as well as fies and costs. In February 1998, Defendant was charged with assault and battery and convicted of disorderly conduct. Three months later, Defendant pleaded guilty to being a minor in possession of alcohol. A year and a half later, at age 21, Defendant pleaded guilty to domestic violence and was given 15 days in jail and placed on probation for nine m onths.  In May 2000, while on probation, Defendant pleaded guilty to operating under the influence. This was his second such conviction. Defendant was placed on 12 months' probation and sentenced to 93 days in jail along with fines and costs. Five months later, again while on probation, Defendant was charged with criminal sexual conduct in the third degree. He pleaded guilty in 2002 to assault with intent to commit sexual penetration and was sentenced to two to ten years'

imprisonment. The Assistant United States Attorney noted that Defendant remained on parole status for a lengthy period of time thereafter, and in fact was not released from parole until February 2012. Counsel for Defendant states that this was due to the fact that Defendant was financially unable to pay his fines. This characterization, however, is belied by the facts developed by Pretrial Services.

In August 2004, while on parole, Defendant was charged with violating his parole by having telephonic contact with another convicted felon. His parole was continued. In October 2005, Defendant was charged with another parole violation; namely, making threatening phone calls to his ex-girlfriend and the mother of one of his children. Moreover, two months later, Defendant threatened the staff of Project Rehab in Kent County and was arrested by the Kent County parole authorities. He was returned to prison.

After being released from prison in April 2007, Defendant was arrested by the Saginaw Chippewa Tribal Police for malicious destruction of property. His blood-alcohol level at that time was measured at .18%. He was also charged with disorderly conduct, malicious mischief, and breaking and entering. He was convicted of disorderly conduct and malicious mischief. He was placed in the Tuscola Residential ReEntry Program ("TRRP"). In April 2008, while still on parole, Defendant was convicted of operating under the influence, third offense. He served 90 days in jail. Seven months later, he was charged with another parole violation; namely, assaultive conduct upon his girlfriend. It was alleged that he kicked in her residence door and threatened to shoot her. He also physically assaulted her. Defendant was again returned to prison. He was ultimately released in 2009 back to the TRRP. During his time in that program he completed only

6 of 20 required sessions, and it is reported that he was assaultive to corrections officers. He also violated the rules of the program by having a blood-alcohol content of .18%, and later threatened to kill one of the corrections officers.

In August 2009, Defendant was charged with possession of a weapon and failure to complete the TRRP program. He was returned to prison. He was released from prison on August 3, 2010. Two months later, while on parole, Defendant failed to attend substance abuse treatment, and, in December 2011, Defendant tested positive for marijuana. As mentioned earlier, Defendant was released from parole in February 2012. Four months later he was charged with disorderly conduct, resisting arrest, and assault and battery. He was convicted of disorderly conduct and was sentenced to three days in jail, and six months' probation. Thus, Defendant was on probation at the time of the incidents giving rise to this criminal complaint.

As I consider these facts under the standards set forth in the Bail Reform Act, I note that although there is every indication that Defendant has a supportive family, I am forced to conclude that in spite of their best efforts, they have been completely unable to control Defendant's behavior. Moreover, Defendant has entirely failed to abide by conditions of supervision much more stringent than any that I could craft. As noted by the Second Circuit, "[w]here [as is clearly evidenced in this case] there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *U.S. v. Colombo,* 777 F.2d 96, 100 (2d Cir. 1985) (quoting S. Rep. No. 225 at 7; 1984 U.S. Code Cong. & Ad. News at 3189). Accordingly, in light of Defendant's consistent history of violent acts and his consistent unwillingness to abide by any form of meaningful

supervision, I conclude that there are no conditions nor any combination of conditions which I could impose which would reasonably assure the safety of the community. The motion to detain is therefore **GRANTED**.

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                                   s/ Charles E Binder
                                                   CHARLES E. BINDER
Dated: October 25, 2012                United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Russ Perry, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: October 25, 2012        By     s/Jean L. Broucek
                                            Case Manager to Magistrate Judge Binder